**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DELBERT E. HARRIS,** | ) | **CASE NO. 8:08CV284** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN DOES, 8 Unknown Omaha Police Officers & All persons in active concert & participation with them,** | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 7, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on July 7, 2008, against eight individuals, and all "persons in active concert [and] participation with them." (Filing No. 1 at CM/ECF p. 1.) Defendants are unknown Omaha police officers. (*Id*.) Plaintiff is a 20-year-old African-American male. (*Id*.)

Condensed and summarized, Plaintiff alleges that Defendants violated his Fourth Amendment rights. In an effort to support this claim, Plaintiff asks the court to take "[j]udicial [n]otice" of "United States v. Harris, 8:08CR0176 . . . ."[1] (*Id*. at CM/ECF pp. 1-2.)

---

[1] In Case No. 8:08CR0176, Plaintiff pled guilty to Counts I and II of the Indictment on July 24, 2008. (Case No. 8:08CR0176, Filing No. 17.) Plaintiff was sentenced to three years of probation with special home confinement conditions for a period of eight months on October 17, 2008. (Case No. 8:08CR0176, Filing No. 30.)

Plaintiff seeks monetary damages in the amount of $1,000,000.00. (*Id*. at CM/ECF p. 2.) Plaintiff also seeks a "preliminary and permanent injunction [e]stopping Defendant's, their successors in office, and all persons . . . in [a]ctive concert [and] participation with them from violating plaintiff['s] . . . [Fourth] Amendment . . . [r]ights . . . ." (*Id*. at CM/ECF p. 1.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate directly to his arrest. Plaintiff specifically directs the court to "take [j]udicial [n]otice" of the docket sheet and a "motion for suppression," in *United States v. Harris*, Case No. 8:08CR0176. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff's claims clearly implicate the validity of his arrest and the criminal proceedings in Case No. 8:08CR0176. As set forth above, the court cannot address this claim in an action brought pursuant to 42 U.S.C. § 1983. However, Plaintiff may have intended to

pursue his claims as a motion brought pursuant to 28 U.S.C. § 2255. Rather than simply recharacterize the Complaint as a motion under 28 U.S.C. § 2255, the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 382 (2003). Petitioner is so warned.

IT IS THEREFORE ORDERED that:

1. Petitioner shall have until **December 26, 2008**, to inform the court whether he wishes to treat his Complaint as a motion brought pursuant to 28 U.S.C. § 2255. If Petitioner asks the court to recharacterize his Complaint as a motion brought under 28 U.S.C. § 2255, he should also indicate whether he would like to amend his Complaint to contain all § 2255 claims;

2. If Petitioner fails to respond, in accordance with this Memorandum and Order, this matter will be dismissed without prejudice; and

3. The Clerk of the court is directed to set a pro se case management deadline with the following text: December 26, 2008: Check for Petitioner's response regarding conversion to 2255 and dismiss case if none filed..

DATED this 25th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge